Eastern District of Kentucky
**F I L E D**

MAR 3 0 2015

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| JON S. LARSON,<br><br>    Plaintiff,<br><br>V.<br><br>DR. TERRY HOLLIDAY, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 5:15-78-KKC<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion for preliminary injunction (DE 1-3) filed by the plaintiff. With his motion, the plaintiff, Jon Larson, asks this Court to order the defendant Kentucky Educational Television, a public television station, to permit him to appear with two other Republican candidates for treasurer on KET's "Kentucky Tonight" candidate forum. The program airs at 8:00 p.m. on March 30, 2015.

In his motion, Larson asserts that KET has violated his First Amendment rights under the U.S. Constitution and his free speech rights under various provisions of the Kentucky Constitution.

When deciding whether to issue a temporary restraining order or preliminary injunction, the district court must consider the following four factors:

    (1) whether the movant has demonstrated a strong likelihood of success on the merits;
    (2) whether the movant would suffer irreparable harm;
    (3) whether issuance would cause substantial harm to others; and
    (4) whether the public interest would be served by issuance.

*See Suster v. Marshall*, 149 F.3d 523, 528 (6th Cir. 1998). These "are factors to be balanced, not prerequisites that must be met." *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). When analyzing a motion for temporary restraining order or preliminary injunction, "the 'likelihood of success' prong is the most important [factor] and often determinative in First Amendment cases." *Jones v. Caruso*, 569 F.3d 258, 277 (6th Cir. 2009).

Larson concedes that he failed to demonstrate that he complied with KET's published Candidate Participation Criteria by the March 13, 2015 deadline. He does not allege that the criteria were applied any differently to him than the other candidates. Nor does he allege that the deadline was applied any differently to him than the other candidates. He does not dispute that he failed to timely demonstrate that he complied with the criteria despite having received multiple e-mails from KET advising and reminding him of the criteria and the deadline.

Larson does not allege that KET is excluding him from the debate on the basis of his viewpoint. Nor does he allege that he is being treated any differently than any other candidate. Accordingly, he has not stated a federal or state constitutional claim. *See Ark. Educ. Television Comm'n v. Forbes*, 523 U.S. 666, 682-83 (1998); *McDonald v. Ethics Comm. of the Kentucky Judiciary*, 3 S.W3d 740, 743 (Ky. 1999) ("Kentucky Constitution provides protection no greater than but co-extensive with the First Amendment to the United States Constitution."). Larson cites no cases indicating that he has a likelihood of success on the merits of his state or federal constitutional claim.

For all these reasons, Larson has not established a likelihood of success on the merits of his claim and his motion for injunctive relief must be DENIED.



30th day of March 2015



Signed By:
Karen K. Caldwell
United States District Judge